### WILLIAM ROBERTS *ads.* JOHN HOLSWORTH.

A *mandamus* will be issued to a *Court* only to direct the Court to proceed according to law, but not to direct them how to proceed.

HORNBLOWER, on the part of Roberts the defendant, moved for a *mandamus* to be directed to the Court of Common Pleas of Essex, to compel them either to proceed in the cause, or to discharge the defendant on common bail, and he founded his application upon the following affidavits, *viz.*: "That said defendant was on the 29th of December, A. D. 1825, arrested and held to bail, without a judge's order, for $500. That said cause (that is *Holsworth* v. *Roberts*) was noticed for trial before the Essex Pleas, in April term 1827, and remained without further notice, until April term 1828, when this defendant moved the court by his counsel, to have the same brought to trial, which was denied him. That this defendant was surrendered, in discharge of special bail, on the 21st of September, 1827, but no bail piece and commititur thereon, was committed to the late or present sheriff of said county; and defendant still remains in the common goal of the county of Essex, by virtue of such said surrender." That in January term, A. D. 1828, this defendant, by his counsel, applied to the said Court of Common Pleas, to be discharged on common bail, or for a judgment of nonsuit on said circumstances; which was also denied him.

Swing *et al v.* Inhabitants of Alloways Creek.

CH. JUSTICE. To officers, a writ of *mandamus* may go to direct them how to proceed, and what to do ; but a *mandamus* to a Court, only, directs them to proceed according to law, and does not direct them *how* to proceed. The furthest we have ever gone in these cases of *mandamus*, is in appeals to the Common Pleas, from the judgment of a justice, where we have directed the Court of Common Pleas, to restore an appeal which had been dismissed. But this is in effect nothing more than ordering them to proceed, and not directing the manner in which they shall proceed.

Motion denied.